UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CASH FLOW RESOURCES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2116** |
| **HORIZON CONSULTING, INC.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

In this litigation, Plaintiff Cash Flow Resources, LLC ("Plaintiff") brought claims against Defendant Horizon Consulting, Inc. ("Defendant") for breach of contract, violation of the Louisiana Open Account Statute, and detrimental reliance.[1] On June 4, 2025, this Court granted Plaintiff's motion for default judgment[2] and entered judgment in favor of Plaintiff and against Defendant in the amount of $488,456.89, plus attorney's fees, pre-judgment interest, post-judgment interest, and costs.[3] Pending before the Court is Plaintiff's Motion to Set Fees and Costs.[4] Defendant has not filed a response, timely or otherwise, and accordingly, the motion is deemed unopposed.[5] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

Plaintiff seeks a total award of $7,861.73, representing $5,380 in attorney's fees, $816 in

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 23.

[3] *Id*. at 16–17.

[4] Rec. Doc. 25.

[5] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The submission date for Plaintiff's "Motion to set Fees and Costs" was July 9, 2025, and accordingly Defendant's response was due on or before July 1, 2025.

paralegal fees, and $1,665.73 in expenses.[6] In diversity actions, state law controls the reasonableness of fees awarded where state law supplies the rule of decision.[7] Under Louisiana law, a party may recover attorney's fees only "where authorized by statute or contract."[8] Louisiana's Open Account Statute permits a creditor to recover "reasonable attorney's fees" when it brings an action to collect on an open account and meets the statutory requirements.[9] In the Order granting the motion for default judgment, the Court found Plaintiff met the statutory requirements to recover attorney's fees under the Open Account Statute. Therefore, the only issue remaining is the reasonableness of the award requested.

Under Louisiana law, "[c]ourts may inquire as to the reasonableness of attorney's fees as part of their prevailing, inherent authority to regulate the practice of law."[10] A reasonable hourly rate is to be determined "according to the prevailing market rates in the relevant community" for attorneys of similar experience in similar cases.[11] "Louisiana federal courts sitting in diversity have applied both federal and state cases to determine whether a requested rate reflects rates actually

---

[6] Rec. Doc. 25 at 1.

[7] *Alyeska Pipeline Servs. Co. v. Wilderness Soc.*, 421 U.S. 240, 259 n.31 (1975); *Walker Int'l Holdings, Ltd. v. Repub. of Congo*, 415 F.3d 413, 415 (5th Cir. 2005) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)).

[8] *Ogea v. Loffland Bros. Co.*, 622 F.2d 186, 190 (5th Cir. 1980) (internal citations omitted).

[9] La. Rev. Stat. § 9:2781.

[10] *State Dept. of Transp. and Dev. v. Williams*, 597 So. 2d 439, 441–42 (La. 1992) (internal citations omitted). The Louisiana Supreme Court set forth ten factors to be considered in determining the reasonableness of a fee award: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the Court's own knowledge. *Id.* at 442. These factors weigh in favor of awarding attorney's fees to Plaintiff.

[11] *Covington v. McNeese State Univ.*, 2012-2182 (La. 5/7/13); 118 So. 3d 343, 350 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

charged in the community."[12]

In support of the request for a rate of $200 per hour, Plaintiff's attorney Jonathan P. Lemann ("Lemann") submits a declaration stating that his normal billing rate is $200 per hour, as well as the invoices containing the time and costs incurred in this matter.[13] The Fifth Circuit, in *DaSilva v. United States Citizenship and Immigration Services*, affirmed the district court's award of an hourly rate of $200 per hour for an attorney, noting that such an hourly rate was "within the middle of the range."[14] Court records reflect that Lemann has been practicing law for over 25 years. Accordingly, the Court concludes that $200 per hour is appropriate considering Lemann's experience and supporting case law.

Next, the Court turns to the number of hours reasonably expended on this litigation. The Court considers whether the attorney exercised "reasonable billing judgment."[15] "It is well settled that a court, in awarding an appropriate attorney fee, should reduce the number of hours submitted in the fee application if the claimed time is 'excessive, redundant, or otherwise unnecessary.'"[16]

Plaintiff contends that its attorney has reasonably expended 26.9 hours of attorney time to investigate and draft the complaint in this matter.[17] In support, Plaintiff attaches time records documenting the work performed on this case.[18] The time records reflect time spent drafting the

---

[12] *Receivables Exch., LLC v. Adv. Tech. Servs.*, Case No. 14-0668, 2015 U.S. Dist. LEXIS 64562, at *9 (E.D. La. Apr. 28, 2015) (Roby, M.J.).

[13] Rec. Doc. 25-2.

[14] 599 F. App'x 535, 543 (5th Cir. 2014).

[15] *Covington*, 118 So. 3d at 349–50.

[16] *Id.* at 350 (internal citations omitted).

[17] Rec. Doc. 25-2.

[18] *Id.*

complaint, serving the Defendant, drafting the motion for default judgment, and reviewing the Court's ruling.[19] The time records reflect that paralegals also performed 9.6 hours of work in this matter at a rate of $85 per hour.[20] Defendant has not responded to this motion or presented any information to show that the work performed was excessive, redundant, or otherwise unnecessary. Therefore, the Court concludes that the number of hours expended on this litigation was reasonable.

Louisiana Revised Statute § 9:2781 also allows for the recovery of costs. Plaintiff seeks to recover $1,665.73 in expenses.[21] The costs incurred include a fee of $1,587.50 for a process server and $78.73 for FedEx overnight shipments to Defendant. The Court finds that the costs were reasonably incurred.

Accordingly,

**IT IS HEREBY ORDERED** that Cash Flow Resources' Motion to Set Fees and Costs[22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Horizon Consulting, Inc. shall remit payment to Plaintiff Cash Flow Resources, LLC in the total amount of $7,861.73, representing $5,380 in attorney's fees, $816 in paralegal fees, and $1,665.73 in expenses.

**NEW ORLEANS, LOUISIANA**, this ___4th___ day of August, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] Rec. Doc. 25.