UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASH FLOW RESOURCES, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2116 |
| HORIZON CONSULTING, INC. | * | SECTION "G" (2) |

**REPORT AND RECOMMENDATION,**
**CERTIFICATION OF FACTS AND ORDER AND REASONS**

On December 3, 2025, this Court ordered that there be a show cause hearing on January 14, 2026, regarding Defendant Horizon Consulting, Inc.'s failure to appear for the judgment debtor exam the Court ordered on November 6, 2025. ECF No. 32; *see* ECF No. 30. Defendant Horizon Consulting, Inc. did not appear for the January 14, 2026, show cause hearing. ECF No. 35.

Having considered the record and the applicable law, and for the reasons stated herein, it is **ORDERED** Defendant Horizon Consulting, Inc. pay Plaintiff Cash Flow Resources, LLC its reasonable expenses, including attorneys' fees, for its appearances at the December 3, 2025, examination and January, 14, 2026, show cause hearing and **RECOMMENDED** that Defendant Horizon Consulting, Inc. be held in civil contempt of court should Defendant Horizon Consulting, Inc. fail to comply as described herein. It is further **RECOMMENDED** that should Defendant Horizon Consulting, Inc. fail to comply, it be sanctioned as follows:

(a) an Order be entered holding Defendant Horizon Consulting, Inc, in civil contempt for failure to comply with this Court's November 6, 2025, Order;

(b) Defendant Horizon Consulting, Inc. be ordered to pay $250 per day into the registry of the Court until compliance;

(c) If Defendant Horizon Consulting, Inc.'s total fine reaches $10,000 and it has still not complied with the Court's Order, that the Court consider, upon motion by Plaintiff Cash Flow Resources, LLC, whether to impose more severe sanctions against Defendant Horizon Consulting, Inc.

## I. **BACKGROUND**

Plaintiff Cash Flow Resources, LLC asserts claims against Defendant Horizon Consulting, Inc. for breach of contract, violations of the Open Account Statute pursuant to LA. REV. STAT. § 9:2781, and detrimental reliance. ECF No. 1. On March 6, 2025, summons was issued to Defendant through its registered agent Lisa Fletcher, and on April 6, 2025, Artie Fletcher was served. ECF No. 14; No. 18. On March 18, 2025, summonses were also issued to Defendant through its President Corey Boaz at Defendant's address and Boaz's address in Salem, Oregon. ECF No. 17. Plaintiff sent them a copy of the complaint and exhibits by certified mail. ECF No. 19-4; No. 19-5. On April 30, 2025, Plaintiff moved for entry of default, which the Clerk granted. ECF No. 19; No. 20.

On May 2, 2025, Plaintiff moved for default judgment. ECF No. 21. The Court granted the motion, finding it had subject matter and personal jurisdiction, service of process proper pursuant to LA. REV. STAT. § 13:3204, and Plaintiff adequately demonstrated that it was entitled to a default judgment on its claims. ECF No. 23. It ordered there be a judgment entered in Plaintiff's favor against Defendant for $488,456.89 plus attorneys' fees, interest, and costs, which it later entered. *Id.*; ECF No. 24.

On September 12, 2025, Plaintiff moved for a Rule 69 judgment debtor examination, which was automatically referred pursuant to Local Rule 72.1 and 28 U.S.C. § 636(b)(3). ECF No. 27.[1]

---

[1] *See* FED. R. CIV. P. 69(a)(2) (permitting post-judgment discovery to identify a judgment debtor's assets "[i]n aid of the judgment or execution"); E.D. La. L.R. 72.1(B)(2) (describing Rule 69 judgment debtor examinations as a "post-

The Court granted the motion and scheduled the examination for December 3, 2025. ECF No. 28; No. 30. Defendant did not appear for the examination. ECF No. 32. Accordingly, the Court ordered Defendant appear for a show cause hearing on January 14, 2026. *Id.* The Court's Minute Order warned Defendant that its failure to appear may result in sanctions, including fines and/or contempt of court. *Id.* The Court further ordered the Clerk send a copy of the Minute Order by certified mail to Defendant through Lisa Fletcher and Boaz. *Id.* On December 20, 2025, Boaz's mother was served, and on December 26, 2025, Artie Fletcher was served. ECF No. 33; No. 34.

On January 14, 2026, Defendant did not appear for the show cause hearing. ECF No. 35.

## II. APPLICABLE LAW

### A. Relation Between Rule 69(a)(2) Post-Judgment Discovery and Rule 37(b)(2)

Rule 69(a)(2) of the Federal Rules of Civil Procedure permits post-judgment discovery to identify a judgment debtor's assets "[i]n aid of the judgment or execution." Specifically, the "judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in [the federal] rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2). "Thus, Rule 69 allows post-judgment discovery to proceed according to the federal rules governing pre-trial discovery, or according to state practice."[2] The judgment creditor "elect[s]" to conduct discovery under either applicable state law or the Federal Rules of Civil Procedure.[3]

trial matter[ ]" and automatically referring same to the assigned magistrate judge); *Schafer v. State Farm Fire & Cas. Co.*, No. 06-8262, 2010 WL 5140830, at *2 (E.D. La. Dec. 10, 2010) (Africk, J.) ("In the Fifth Circuit, § 636(b)(3) permits postjudgment discovery motions to be referred to the Magistrate Judge. As the Fifth Circuit has held, '[g]iven the fact that [postjudgment discovery motions] are the types of nondispositive discovery motions specifically authorized for pretrial determination by a magistrate under § 636(b)(1)(A), jurisdiction to decide these types of motions postjudgment bears a reasonable relationship to the existing statutory scheme and should be found under § 636(b)(3).'" (quoting *F.D.I.C. v. LeGrand*, 43 F.3d 163, 167-68 (5th Cir. 1995))).

[2] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405 (5th Cir. 1993).

[3] *Brit. Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 589 (W.D. Tex. 2000) (report and recommendation and adopting order) (citing *LeGrand*, 43 F.3d at 171-72).

Rule 37(b) provides for sanctions for failure to obey discovery orders. To impose a sanction under Rule 37(b)(2), there must be a violation of a discovery order.[4] The scope of Rule 37(b)(2) includes "any order 'to provide or permit discovery,'"[5] thus sanctions under Rule 37(b)(2) are "available to orders against a party having this effect regardless of what rule they were made under."[6] A court may then levy Rule 37(b)(2) sanctions against a party that fails to obey a post-judgment discovery order made under Rule 69(a)(2) because that rule "permits" a party to obtain post-judgment discovery.[7]

A party's choice to use state law as its basis for a post-judgment discovery motion does not mean a court's order on same is not an order permitting discovery made under Rule 69(a)(2). Whether a party chooses federal or state law as its basis, a court's order on a post-judgment discovery motion is still an order permitting discovery; the only difference is the "manner" in which that discovery is to occur.[8] Accordingly, a court may levy Rule 37(b)(2) sanctions against a party that fails to obey a post-judgment discovery order made under Rule 69(a)(2) even if that order was made on a state law based motion.

**B. <u>Sanctions Under Rule 37(b)(2)</u>**

If a party fails to obey an order permitting discovery, Rule 37(b)(2)(A) authorizes the court to "issue further just orders." The "orders" are "sanction[s]."[9] The sanctions may be the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[4] *Ryder v. Union Pac. R.R. Co.*, No. 15-431, 2017 WL 4163660, at *2 (M.D. La. Sept. 20, 2017) (quoting *Reyes v. Julia Place Condos. Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 5871278, at *2 (E.D. La. Oct. 7, 2016)).
[5] FED. R. CIV. P. 37(b) advisory committee's note to 1970 amendment.
[6] 8b WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2289 (3d. ed. 2025).
[7] *LeGrand*, 43 F.3d at 171.
[8] *Id.* ("[Rule 69(a)(2)] permits a party to obtain postjudgment discovery from the judgment debtor 'in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.'").
[9] *See Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (second quote) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both pay the reasonable expenses, including attorney's fees, cause by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[10]

Thus, Rule 37(b)(2) "empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, [Rule 37(b)(2)] authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order."[11] And the court has a "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct."[12] But that discretion is "limited"; "[u]sually, . . . a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case."[13] "Lesser sanctions do not require a finding of willfulness,"[14] such as those imposed under Rule 37(b)(2)(C).[15] "For a lesser

[10] "A party's discovery conduct is found to be 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Keplar v. Google, LLC*, 346 F.R.D. 41, 53 (N.D. Tex. 2024) (quoting *S.E.C. v. Kiselak Cap. Grp. LLC*, No. 09-256, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012) (quoting *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)))).
[11] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).
[12] *Id.* (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)).
[13] *Id.* (first quote and brackets added) (quoting *Pressey*, 898 F.3d at 1021).
[14] *Id.* at 488-89 (citing *Chilcutt v. United States*, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993)).
[15] *See id.* at 489 (noting district court imposed "one of the least severe sanctions under its authority[, attorneys' fees and expenses,] after finding "no willful misconduct" (citing *Chilcutt*, 4 F.3d at 1320 n.17)).

sanction" to be imposed, the court must determine the sanction is "just" and "related to the particular 'claim' which was at issue in the order to provide discovery."[16]

**C. Contempt of Court Sanction Under Rule 37(b)(2)**

The court may treat a party's failure to obey an order to provide or permit discovery as contempt of court. FED. R. CIV. P. 37(b)(2)(A)(vii). "Contempt is characterized as either civil or criminal depending on its 'primary purpose.'"[17] Whether a sanction is civil or criminal is determined by looking to the character of the relief.[18] Generally, criminal contempt is designed to vindicate the authority of the court and typically punishes a contemnor for past disobedience.[19] In contrast, civil contempt can either be compensatory or coercive.[20] Where coercive, civil contempt is designed to pressure the contemnor into compliance with a court order.[21] Coercive civil contempt is avoidable through obedience.[22]

Civil contempt may be imposed in ordinary civil proceedings upon notice and an opportunity to be heard.[23] Indeed, "due process [generally] requires 'that one charged with contempt of court be advised of the charges against him have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a change to testify and call other witnesses.'"[24] "Adequate notice typically takes the form of a show-

---

[16] *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (quoting *Compaq Comput. Corp.*, 387 F.3d at 413 (quoting *Ins. Corp. of Ir.*, 456 U.S. at 707)).
[17] *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (quoting *In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009)); *accord. LeGrand*, 43 F.3d at 168 (citing *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 566 (5th Cir. 1990)).
[18] *Ravago Ams. L.L.C. v. Vinmar Int'l Ltd.*, 832 F. App'x 249, 254 (5th Cir. 2020).
[19] *Id.* (citing same).
[20] *Id.* (citing same); *see also Quilling v. Funding Res. Grp.,* 227 F.3d 231, 234 (5th Cir. 2000).
[21] *Ravago*, 832 F. App'x at 254 (citing *Bradley*, 588 F.3d at 263).
[22] *See id.*; *In re Stewart*, 571 F.2d 958, 963 (5th Cir. 1978) (citations omitted); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290–91 (5th Cir. 2002) (citations omitted) ("A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions.").
[23] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826–27 (1993).
[24] *Waste Mgmt. of Washington, Inc.*, *v. Kattler*, 776 F.3d 336, 339-40 (5th Cir. 2015) (quoting *In re Oliver*, 333 U.S. 257, 275 (1948)).

cause order and a notice of hearing identifying each litigant who might be held in contempt."[25] The service of a show cause order can be made pursuant to Rule 5 when a party has been served with a summons.[26] When a party is not represented, Rule 5(b) authorizes service of a paper by, among other means, "mailing it to the person's last known address—in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C).[27] When the defendant is an unrepresented entity, courts have found service of a paper by mail to the address of the defendant's registered agent for service to be in accordance with Rule 5(b)(2)(C).[28]

A civil contempt order is proper where clear and convincing evidence indicates (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order.[29] The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the

---

[25] *Id.* at 340 (citing *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995)).

[26] FED. R. CIV. P. 4.1(b) advisory committee's notes to 1993 adoption; *see also Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 450, 454-55 (1932) ("As the proceeding for civil contempt . . . should be treated as party of the main cause, it follows that service of process for purpose of bring the respondent within the jurisdiction of the [district court] was not necessary. The respondent was already subject to the jurisdiction of the court for purposes of all proceedings that were part of the . . . suit and could not escape it . . . by absenting itself from the district. . . . [N]othing more was required in the present case than appropriate notice of the contempt proceeding, and that notice the respondent received [by service of the order to show cause on its attorney of record].").

[27] *See also Daniels v. JP Morgan Chase Bank*, 574 F. App'x 337, 338 (5th Cir. 2014) ("Appellants assert that Appellee's service of their motion to dismiss did not comply with Rule 5 because Appellants did not receive the motion. Rule 5(b)(2)(C), however, provides that service by mail is complete upon mailing." (citing *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1168 n.5 (5th Cir. 1980); *LaBlanche v. Ahmad*, 538 F. App'x 463, 464-65 (5th Cir. 2013); *Zamudio v. Mineta*, 129 F. App'x 79, 80 (5th Cir. 2005))).

[28] *See Carpenters Pension Tr. Fund of Kan. City v. Drywall, Inc.*, No. 21-2172, 2021 WL 4902247, at *2 (D. Kan. Oct. 21, 2021) (finding unrepresented corporation had adequate notice of show cause orders because both the plaintiff and the court served a copy of the show cause order via mail (citing FED. R. CIV. P. 5(b)(2)(C)); *Stevens v. Cosmic Strands LLC*, No. 23-2304, 2024 WL 1255463 at *1-2 (M.D. Fla. Mar. 25, 2024) (finding litigant validly served document in accordance with Rule 5(b)(2)(C) by mailing it to the entity listed as the defendant's registered agent on the Delaware Department of State's website), *cited with approval in Cacho v. Live Transfers, Inc.*, No. 23-372, 2024 WL 3595780, at *3 (W.D. Tex. July 30, 2024); *Silva v. Coast to Coast Fin. Sols., Inc.*, No. 14-2584, 2020 WL 9432701, at *3 (D. Colo. Feb. 10, 2020) (finding *pro se* corporation "had knowledge of the order" to appear for a judgment debtor examination because the order was served by mail on the corporation at its address of record as well as the address of its registered agent for service (citing FED. R. CIV. P. 5(b)(2)(C)); *Piper v. Metro Sols., LLC*, No. 18-3038, 2022 WL 3136892, at *1 (M.D. Fla. Feb. 23, 2022) (finding service of post-judgment discovery motion complete when plaintiff mailed the motion to *pro se* company's registered agent (citing FED. R. CIV. P. 5(b)(2)(C)).

[29] *Lyn-Lea Travel Corp.*, 283 F.3d at 291 (citing *LeGrand*, 43 F.3d at 165); *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).

trier of fact a firm belief or conviction . . . without hesitancy, of the truth of the precise facts of the case."[30] Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order.[31] Indeed, even an unintentional violation of a discovery order may lead to civil sanctions, though the court should consider the degree of willfulness in determining the appropriate sanction.[32]

## III. ANALYSIS AND § 636(e)(6)(B)(iii) CERTIFICATION

Plaintiff filed a Rule 69(a)(2) Motion for a Judgment Debtor Exam.[33] Accordingly, on September 15, 2025, the Court granted the motion and ordered Defendant "to designate a corporate representative[ ] with knowledge of the underlying information and documents" Plaintiff described in its motion and to have the designee "appear" in-person for a judgment debtor examination in accordance with Articles 2451 and 2453 of the Louisiana Code of Civil Procedure. ECF No. 28. The Court expressly warned "Defendant" that "failure to appear as ordered may result in fines and sanctions, including contempt of court." *Id.* (alteration in original). The Court's November 6, 2025, Order continuing the examination to December 3, 2025, is the same but for the change in

---

[30] ECF No. 27-1 at 2-3 (requesting the Court order Defendant's designee to bring originals and copies of "certain books, papers, and other documents" and defining documents in the "broadest possible sense under Louisiana law . . . ."). *Travelhost, Inc.*, 68 F.3d at 961 (internal quotation marks and citations omitted); *Moawad v. Childs*, No. 00-60365, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001) (quoting *Travelhost, Inc.*, 68 F.3d at 961); *accord. Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (citation omitted).

[31] *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987) (citation omitted).

[32] *Walle Corp. v. Rockwell Graphics Sys.*, No. 90-2163, 1992 WL 165678, at *2 (E.D. La. July 6, 1992) (Clement, J.) (citations omitted).

[33] Plaintiff's motion provided some indication that it chose Louisiana law as its basis. *See* ECF No. 27-1 at 2-3; LA. CODE CIV. PROC. 2451(A) ("In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property . . . ."). Requesting a judgment debtor examination does not automatically indicate the judgment creditor elects state law; judgment debtor examinations may be conducted in accordance with Rules 30 and 31 of the Federal Rules of Civil Procedure. *See United States v. McWhirter*, 376 F.2d 102, 105 (5th Cir. 1967) (describing previous version of Rule 69(a), noting it provided "that[,] in aid of judgment or execution[,] a judgment creditor may examine any person, including the judgment debtor[ ] in the manner provided by the federal rules for taking depositions, or in the manner provided by state practice[ ]" (brackets added)); FED. R. CIV. P. 69 advisory committee's note to 1970 amendment ("The amendment assures that, in aid of execution on a judgment, all discovery procedures provided in the rules are available and not just discovery via the taking of a deposition.").

date.[34]  Defendant had notice of Plaintiff's motion for examination and supporting memorandum, motion to continue, and the Court's order resetting the examination as of November 13, 2025, when a public notary served those papers via certified mail on Defendant at the address of its registered agent for service, Lisa Fletcher.  *See* ECF No. 31; No. 32-3 (certified mail receipt).[35]

No representative for Defendant appeared for the December 3, 2025, examination, so the Court ordered Defendant to appear in-person on January 14, 2026, to show cause for failure to appear for the examination and again expressly warned "Horizon Consulting, Inc." that "failure to appear may result in sanctions, including fines and/or contempt of court."  ECF No. 32.  The Court further order the Clerk to serve a copy of the Minute Order on Defendant via certified mail to Lisa Fletcher.  *Id.*  Defendant had notice of the show cause order.  *See* ECF No. 33 at 2.[36]

Because Defendant's failure to obey the November 6, 2025, Order is not substantially justified nor the award of expenses unjust,[37] the Court orders Defendant to pay Plaintiff's attorneys' fees and reasonable expenses incurred because of Defendant's failure.  This Court has the authority to do so. [38]  Thus, Defendant must pay same incurred for Plaintiff's appearances at the December 3, 2025, examination and January, 14, 2026, show cause hearing.

---

[34] *Compare* ECF No. 30, *with* ECF No. 28.

[35] *See also Silva*, 2020 WL 9432701, at *3 (finding *pro se* corporation "had knowledge of the order" to appear for a judgment debtor examination because the order was served by mail on the corporation at its address of record as well as the address of its registered agent for service (citing FED. R. CIV. P. 5(b)(2)(C)).

[36] *See also Drywall, Inc.*, 2021 WL 4902247, at *2 (finding unrepresented corporation had adequate notice of show cause orders because both the plaintiff and the court served a copy of the show cause order via mail (citing FED. R. CIV. P. 5(b)(2)(C)).

[37] *See, e.g.*, *Able v. Lenter*, No. 18-5389, 2020 WL 10486550, at *1-2 (E.D. La. Feb. 18, 2020) (Vance, J.) (finding one defendant's failure to attend his deposition as ordered by the court not justified and that sanctions would not be unjust and ordering defendants to pay plaintiff's reasonable attorney's fees and expenses incurred as a result of that defendant's failure to abide by the Court's order to attend his deposition); *Seiler Tucker Inc. v. Genie Invs.*, No. 23-7288, 2025 WL 2314737, at *2 (E.D. La. Aug. 11, 2025) (awarding fees and costs to judgment creditor in accordance with Rule 37(b)(2)(C) because representative of *pro se* defendant company did not appear for judgment debtor examination as ordered by the court pursuant to Rule 69(a)(2)).

[38] The undersigned has the authority to enter a non-dispositive order granting attorneys' fees and reasonable expenses or other non-dispositive sanctions pursuant to Rule 37(b)(2) under § 636(b)(3).  *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981) (per curiam) (finding a magistrate judge has authority to enter a nondispositive order granting attorneys' fees and expenses as a sanction under Rule 37 even after "entry of final judgment" pursuant to § 636(b)(3)); *cf. Keplar*, 346 F.R.D. at 41 (citing *Merritt*, 649 F.2d at 1016-17)).

As to contempt of court, when an act outside of the presence of the magistrate constitutes civil contempt, the magistrate must certify the facts to the district judge and may serve or cause to be served a show cause order why the district judge should not adjudge that party in contempt. 28 U.S.C. § 636(e)(6).[39]

In this case, the record reflects that this Court issued an Order on Plaintiff's Motion for Judgment Debtor Examination on September 15, 2025, requiring Defendant designate and prepare its representative and have that representative appear in person for the examination and an Order on November 6, 2025, continuing that examination to December 3, 2025, but retaining the directives to Defendant. The latter Order is clear, definite, and unambiguous, and Defendant has failed to establish otherwise. It is in a position to comply with the Order but failed to do so. Because there is clear and convincing evidence that the underlying order was violated, the burden shifts to it to demonstrate a present inability to comply.[40] Defendant has failed to do so.

The Fifth Circuit requires that the district court use "the least onerous sanction which will address the offensive conduct."[41] In fashioning sanctions for civil contempt, district courts should consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired."[42] Sanctions for civil contempt may include a "coercive daily fine, a compensatory fine, coercive

---

[39] "The prevailing view is that a magistrate judge lacks the power to adjudicate contempt proceedings; pursuant to 28 U.S.C. § 636(e), a magistrate may only certify to the district court (or deny certification of) facts possibly constituting contempt." *W Bankers Cap., Inc. v. Kirton McConkie*, No. 23-5124, 2025 WL 2997367, at *1 (E.D. La. Oct. 24, 2025) (quoting *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cr. 1999)).
[40] *Petroleos Mexicanos v. Crawford Enters. Inc.*, 826 F.2d 392, 401 (5th Cir. 1987) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).
[41] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 (5th Cir. 2011) (quoting *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir. 1997)).
[42] *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947) (citations omitted).

incarceration, or a combination thereof."[43] The Court has carefully considered imposition of additional sanctions under Rule 37(b)(2)(A). Because Defendant is currently in contempt of my November 6, 2025, Order and that conduct has resulted in delay of this proceeding, a fine of $250.00 per day should be imposed.[44] This amount is reasonable considering all relevant factors.[45] Although the daily fine recommended may impose a financial hardship, it is a sanction that can be quickly and inexpensively purged upon Defendant contacting the Court to schedule a judgment debtor examination as the Court has previously ordered and appearing for same.

If Defendant's failure to comply with the Court's Order continues despite the imposition of the fine and the fine reaches $10,000, the District Judge should consider whether to impose further, more severe sanctions. Again, Defendant may at any time purge its contempt by Defendant contacting the Court to schedule a judgment debtor examination as the Court has previously ordered and appearing for same.

Accordingly, in accordance with 28 U.S.C. § 636(e), the Court respectfully certifies the above facts and recommends that the District Judge impose a daily fine of $250 against Defendant to coerce compliance with this Court's post-judgment discovery order.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendant Horizon Consulting, Inc. pay Plaintiff Cash Flow Resources, LLC its reasonable expenses, including attorneys' fees, incurred by Plaintiff for its appearances at the December 3, 2025, examination and January, 14, 2026, show cause hearing.

---

[43] *United States v. Scott*, No. 03-1410, 2004 WL 1068118, at *3 (N.D. Tex. Apr. 5, 2004) (citing *Bagwell*, 512 U.S. at 827–29; *Shillitani v. United States* 384 U.S. 364, 370-71 (1966); *Dinnan v. Bd. of Regents of the Univ. Sys. of Ga.*, 625 F.2d 1146, 1150 (5th Cir. 1980))
[44] *Lamar*, 918 F.2d at 567 (finding $500 per day fine not an abuse of discretion).
[45] *Id.*

This award will be subject to Plaintiff Cash Flow Resources, LLC producing documentation for the requested amount (e.g., (a) an affidavit attesting to the attorney's education, background, skills and experience; (b) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed, as required by Local Rule 54.2) to ensure that the Court reaches an accurate lodestar calculation.[46] Plaintiff Cash Flow Resources, LLC shall file the documentation by **Tuesday, February 10, 2026**.

**IT IS FURTHER ORDERED** that the Clerk serve a copy of this Report and Recommendation, Certification of Facts and Order and Reasons by certified mail on Defendant Horizon Consulting, Inc. at the addresses listed below.

**IT IS RECOMMENDED** that Defendant Horizon Consulting, Inc be given 21 days to contact the undersigned to schedule a judgment debtor examination as the Court has previously ordered and an additional 14 days if Defendant timely contacts the Court for Defendant to appear for same as previously ordered.

**IT IS FURTHER RECOMMENDED** that, should Defendant Horizon Consulting, Inc fail to timely contact the undersigned to schedule a judgment debtor exam or fail to appear for that scheduled examination,

    (d) an Order be entered holding Defendant Horizon Consulting, Inc, in civil contempt for failure to comply with this Court's November 6, 2025 Order

    (e) Defendant Horizon Consulting, Inc. be ordered to pay $250 per day into the registry of the Court until compliance;

---

[46] *See CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 326 (5th Cir. 2023) ("When a court awards attorney fees as part of a sanction under Rule 37, it generally still must use the familiar two-step lodestar process." (citing *Tollett v. City of Kemah*, 376 F.3d 344, 367 (5th Cir. 2004)).

(f) If Defendant Horizon Consulting, Inc.'s total fine reaches $10,000 and it has still not complied with the Court's Order, that the Court consider, upon motion by Plaintiff Cash Flow Resources, LLC, whether to impose more severe sanctions against Defendant Horizon Consulting, Inc.

**NOTICE OF OPPORTUNITY TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[47]

New Orleans, Louisiana, this 27th day of January, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY (via certified mail):**

**Horizon Consulting, Inc.**
**c/o Lisa Fletcher**
**103 Sleepy Hollow**
**Picayune, MS 39466-9237**

**Horizon Consulting, Inc.**
**c/o Corey Boaz**
**1833 59th Avenue SE**
**Salem, OR 97317**

---

[47] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).