**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CASH FLOW RESOURCES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2116** |
| **HORIZON CONSULTING, INC.** | **SECTION "G" (2)** |

## ORDER AND REASONS

Before the Court is the issue of whether Defendant Horizon Consulting, Inc. ("Defendant") should be held in civil contempt for failure to comply with the November 6, 2025 Order requiring its appearance at a judgment debtor examination. On March 18, 2026, the Court held a show cause hearing on why Defendant should not be held in contempt. Defendant failed to appear at the March 18, 2026 contempt hearing. Considering the record and the applicable law, the Court finds Defendant in civil contempt of court.

## I. Background

On August 27, 2024, Plaintiff filed a Complaint in this Court against Defendant.[1] Plaintiff brings claims for breach of contract, violations of the Open Account statute pursuant to Louisiana Revised Statute § 9:2781, and detrimental reliance.[2] Plaintiff seeks judgment for damages arising from the unpaid invoices with judicial interest, and attorney's fees and costs.[3]

On October 25, 2024, summons was issued to Defendant via Federal Express and signed for

---

[1] Rec. Doc. 1.

[2] *Id.* at 8.

[3] Id.

1

by "A. Arleis."[4] On November 20, 2024, the Clerk of Court granted Plaintiff's Motion for Entry of Default.[5] On December 5, 2024, Plaintiff filed a Motion for Default Judgment.[6] On December 20, 2024, the Court ordered that Plaintiff provide additional briefing and/or evidence establishing its citizenship.[7] On December 27, 2024, Plaintiff filed a supplemental memorandum regarding its citizenship.[8] On February 27, 2025, the Court denied Plaintiff's first Motion for Default Judgment, finding that service was improper.[9] On April 23, 2025, Plaintiff filed an executed service return naming Artie Fletcher as the individual served.[10] On May 2, 2025, Plaintiff filed a Second Motion for Default Judgment.[11] On May 21, 2025, return receipts were filed into the record reflecting service via certified mail of the Order on Motion for Entry of Default upon an individual at 1833 59th Ave SE Salem, Oregon, an individual at 6135 Kiger Way, Salem, Oregon, and on Lisa Fletcher, Defendant's registered agent, at 103 Sleepy Hollow, Picayune, Mississippi.[12] On June 3, 2025, the Court granted Plaintiff's Second Motion for Default Judgment.[13] On June 4, 2025, the Court entered a Judgment of Default against Defendant.[14]

On June 17, 2025, Plaintiff filed a Motion for Attorneys' Fees and Costs, which was

---

[4] Rec. Doc. 5.

[5] Rec. Doc. 7.

[6] Rec. Doc. 8.

[7] Rec. Doc. 9.

[8] Rec. Doc. 10.

[9] Rec. Doc. 11.

[10] Rec. Doc. 18.

[11] Rec. Doc. 21.

[12] Rec. Doc. 22.

[13] Rec. Doc. 23.

[14] Rec. Doc. 24.

granted by the Court.[15]

On September 12, 2025, Defendant filed a Motion for Judgment Debtor Exam.[16] The Magistrate Judge set the judgment debtor exam for November 5, 2025.[17] The judgment debtor exam was thereafter continued to December 3, 2025,[18] and Defendant failed to appear. The Magistrate Judge set a show cause hearing on January 14, 2026,[19] and Defendant failed to appear. On January 27, 2026, the Magistrate Judge issued a report and recommendation that Defendant be held in civil contempt.[20] On February 19, 2026, the Court adopted the Magistrate Judge's Report and Recommendation and set the instant contempt hearing on March 18, 2026.[21] Defendant failed to appear at the March 18, 2026 contempt hearing.

## II.  Law and Analysis

Under 28 U.S.C. § 636(e)(6)(B), in any case where the act constitutes a civil contempt:

 the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

---

[15] Rec. Doc. 26.

[16] Rec. Doc. 27.

[17] Rec. Doc. 29.

[18] Rec. Doc. 30.

[19] Rec. Doc. 32.

[20] Rec. Doc. 36.

[21] Rec. Doc. 41.

Accordingly, this Court has authority to conduct a hearing to determine whether Defendant should be held in civil contempt for violating the Magistrate Judge's orders.

A party is in contempt when it violates a "definite and specific order of the court requiring it to perform or refrain from performing a particular act or acts with knowledge of the court's order."[22] A party seeking an order of civil contempt must establish three elements: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply.[23] The claimant must prove each of these elements by clear and convincing evidence.[24]

"[C]ourts have the inherent power to enforce compliance with their lawful orders through civil contempt."[25] Accordingly, judicial sanctions may "'be employed for either or both of two purposes: to coerce the [respondent] into compliance with the court's order, and to compensate the complainant for losses sustained.'"[26] "[T]he district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process."[27] But "[i]n selecting the

---

[22] *Gibson Brands, Inc. v. Armadillo Distribution Enterprises, Inc.*, No. 19-358, 2023 WL 2352830, at *2 (E.D. Tex. Mar. 3, 2023) (citations omitted); *see Cordova v. La. State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 19-1027, 2024 WL 263941, at *2 (W.D. La. Jan. 24, 2024).

[23] *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999).

[24] *Id.*

[25] *United States v. Smith*, 2018 WL 4524123, at *3 (E.D. Tex. Sept. 13, 2018) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)); *see also Int'l Union, Union Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) ("Courts thus have embraced an inherent contempt authority, as a power necessary to the exercise of all others." (internal citation omitted)).

[26] *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)).

[27] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005).

appropriate contempt sanction, 'a court is obliged to use the least possible power adequate to the end proposed.'"[28]

Here, each element for civil contempt has been satisfied. It is beyond argument that clear and convincing evidence proves that court orders were in effect, and Defendant failed to comply with the court orders. The Magistrate Judge issued an order requiring Defendant to appear for a judgment debtor examination[29] and a subsequent show cause order for failure to appear at the judgment debtor examination.[30] These orders were clear, definite and unambiguous as to Defendant's obligation to appear. The record reflects that the Order setting the judgment debtor examination and the order setting the show cause hearing were served upon Defendant.[31] Both orders required Defendant's appearance at specific dates. The record reflects that Defendant failed to appear at both the judgment debtor examination and the show cause hearing. There is no indication of compliance or attempt to seek relief from the Magistrate Judge's orders. Moreover, Defendant failed to appear at the March 18, 2026 contempt hearing before the District Judge. Failure to attend a civil contempt hearing can be a separate ground for a finding of civil contempt.[32] For these reasons, the Court finds Defendant is in civil contempt of this Court. Accordingly,

**IT IS HEREBY ORDERED** that Defendant is hereby **HELD IN CIVIL CONTEMPT OF COURT.**

---

[28] *Allstate Settlement Corp. v. Doucette*, No. H-15-1130, 2016 WL 3346531, at *3 (S.D. Tex. June 16, 2016) (quoting *Spallone v. United States*, 493 U.S. 265, 276 (1990)).

[29] Rec. Doc. 28.

[30] Rec. Doc. 32.

[31] Rec. Doc. 31; Rec. Doc. 34.

[32] *See, e.g., In re Shah*, 200 F. App'x 349, 350 (5th Cir. 2006) (imposing civil contempt sanctions is appropriate when defendant fails to appear at hearing).

**IT IS FURTHER ORDERED** that beginning March 20, 2025, Defendant shall pay a coercive fine of $250 per day for each day it fails to comply with the November 6, 2025 Order requiring that Defendant appears for a judgment debtor examination. If Defendant Horizon Consulting, Inc.'s total fine reaches $10,000 and it has still not complied with the Court's Order to appear for a judgment debtor exam,[33] the Court will consider, upon motion by Plaintiff Cash Flow Resources, LLC, whether to impose more severe sanctions against Defendant Horizon Consulting, Inc.

**NEW ORLEANS, LOUISIANA,** this ___20th___ day of March, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

**CLERK TO NOTIFY:**
**Horizon Consulting, Inc.**
**c/o Lisa Fletcher**
**103 Sleepy Hollow**
**Picayune, MS 39466-9237**

**Horizon Consulting, Inc.**
**c/o Corey Boaz**
**1833 59th Avenue SE**
**Salem, OR 97317**

---

[33] Defendant must contact Judge Currault's chambers at 504-589-7630 to set a new date for a judgment debtor exam.